IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CG4, LLC, d/b/a CHEF GEOFF's ) | |
| ) | |
| and ) | |
| ) | |
| GEOFF TRACY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00360-AJT |
| ) | |
| THE VIRGINIA ALCOHOLIC BEVERAGE ) | |
| CONTROL AUTHORITY, et. al., ) | |
| ) | |
| Defendants. ) | |

## REBUTTAL BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Defendants the Virginia Alcoholic Beverage Control Authority, the Virginia Department of Alcoholic Beverage Control, Travis Hill, Jeffery Painter, Maria J. K. Everett, Beth Hungate-Noland, and Mark Rubin (in their official capacities) (referred to collectively as the Defendants), by counsel, state as follows in support of their Motion to Dismiss the Plaintiffs' Amended Complaint.

**I.     Plaintiffs' First Amended Complaint now proceeds only as to Travis Hill.**

In the Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. No. 19, the Plaintiffs voluntarily dismiss various Defendants. On page 5 of the Plaintiffs' Opposition, Plaintiffs state: "Defendants also argue that the Department and Authority must be dismissed due to sovereign immunity. Given Fourth Circuit precedent, Plaintiffs agree and voluntarily dismiss both as Defendants." *See* Dkt. No. 19, p. 5, n. 2. On page 20 of the Plaintiffs' Opposition, Plaintiffs

1

further state that "[g]iven Fourth Circuit precedent, Plaintiffs voluntarily dismiss the Board and Authority as Defendants." Dkt. No. 19, p. 20.

The Plaintiffs' First Amended Complaint names the Virginia Alcoholic Beverage Control Authority, the Virginia Department of Alcoholic Beverage Control, Travis Hill in his official capacity as the Chief Executive Officer of the Alcoholic Beverage Control Authority, and the four members of the Virginia Alcoholic Beverage Control Authority Board in their official capacity. As the Plaintiffs have dismissed the Authority, the Department, and the Board, the only remaining Defendant in this case is Travis Hill in his official capacity as the Chief Executive Officer of the Alcoholic Beverage Control Authority. While the Plaintiffs have filed no notice of dismissal as to the parties voluntarily dismissed via the Plaintiffs' Opposition to Defendants' Motion to Dismiss, the Defendants request that the Court's order reflect these dismissals.

## II. Plaintiffs' Opposition to Defendants' Motion to Dismiss only reinforces Plaintiffs' failure to state a claim.

While Plaintiffs' Opposition to Defendants' Motion to Dismiss asserts that the Plaintiffs' Amended Complaint sufficiently pleads a claim, their Opposition serves only to further demonstrate the deficiency of their Amended Complaint.

Plaintiffs now assert that "a cursory reading of the Complaint indicates that the Plaintiffs challenge three specific portions of the happy hour speech code." Pls.' Opp. to Defs.' Mot., Dkt. No. 19, p. 12. To support this assertion, Plaintiffs further refer to paragraphs 29, 30, 31, 45, 47, 48 and 51 of the Amended Complaint. *Id.* at p. 12-13. In fact, Plaintiffs assert that, based on the language included in these paragraphs, "a fair reading of the Complaint indicates that [Plaintiffs] specifically challenge 3 Va. Admin. Code § 5-50-160(b)(4), Va. Code Ann. § 4.1-111(15), and 3 Va. Admin. Code § 5-50-160(b)(8). [Plaintiffs] have therefore adequately pled that these

2

portions of the speech code, on their face, violate the First Amendment." Pls.' Opp. to Defs.' Mot., Dkt. No. 19, p. 13. However, none of these paragraphs include a single citation to a statutory or regulatory provision. Pls.' Amend. Compl., ¶¶ 29-31, 45, 47-48, 51.

As none of these paragraphs include references to statutory or regulatory sections, the language of Plaintiffs' Amended Complaint directly contradicts Plaintiffs' assertion that the Amended Complaint is intended to challenge 3 Va. Admin. Code § 5-50-160(b)(4), Va. Code Ann. § 4.1-111(15), and 3 Va. Admin. Code § 5-50-160(b)(8). This contradiction is only reinforced by the "Requested Relief" section of the Amended Complaint, which asks the Court to:

> A. Declare the happy hour speech code, § 3 Va. Admin. Code § 5-50-160, facially and as applied to Plaintiffs, unconstitutional under the First Amendment.
>
> B. Enjoin Defendants, their employees, agents, successors and assigns, and all persons acting in concert with them, from continuing to enforce the happy hour speech code, as well as any and all implementing administrative rules and regulations, and the practices and policies by which Defendants enforce these provisions; against Plaintiffs or any other person.

Pls. Amend. Compl., Dkt. No. 9, p. 10. The Plaintiffs' Complaint, then, specifically requests that the Court find unconstitutional 3 VAC 5-50-160 in its entirety. The "Requested Relief" section makes *no* reference for Va. Code § 4.1-111(15), making it impossible for Plaintiffs to now assert that their Amended Complaint adequately pleads a claim for relief as to this statutory section.

In fact, to the extent that the Plaintiffs' two "Claims for Relief" do not reference specific statutory sections, or even differentiate between the *Code of Virginia* and the Virginia Administrative Code, it is not even clear that Plaintiffs' Amended Complaint meets Fed. R. Civ. P. 10(b)'s pleading requirements. While the pleading standard for stating claims is permissive under Rule 10(b), Plaintiffs' failure to even identify the specific provisions of Virginia law they

seek relief against suggests a failure to properly state claims based on separate transactions or occurrences in separate counts.

Plaintiffs' Opposition to the Defendants' Motion to Dismiss is not an avenue by which Plaintiffs can refine or expand their Amended Complaint. Nor can Plaintiffs ask this Court to rely on "a fair reading of the Complaint," which requires this Court to read into the Plaintiffs' unstated intentions. The direct inconsistencies between the plain language of the Amended Complaint and the Plaintiffs' intended challenges to Virginia law and regulation as described in their Opposition only reinforce the Plaintiffs' failure to adequately plead a claim.

**III.     Count II of the Amended Complaint is not a First Amendment Issue.**

Following Supreme Court precedent, federal courts have found "that price regulations and other forms of direct economic regulation do not implicate First Amendment concerns." *Nat'l Ass'n of Tobacco Outlets v. Providence*, 731 F.3d 71, 77 (1st Cir. 2013) (citing *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996)). Instead, the Supreme Court has described price regulations as possible "alternative forms of regulation that would not involve any restriction on speech" which can be used to advance a State interest. *Id.* (quoting *44 Liquormart*, 517 U.S. at 507).

Plaintiffs put forward *Expressions Hair Design v. Schneiderman*, 137 S.Ct. 1144 (2017), as supportive of their claim that 3 VAC 5-50-160(B)(4)'s prohibition on selling two or more drinks for the price of one is a violation of Plaintiffs' freedom of speech. However, a review of *Expressions Hair Design* demonstrates that the case does not support Count II of Plaintiffs' Amended Complaint.

*Expressions Hair Design* centered on a challenge to a New York state law which prohibited merchants from using certain language to describe surcharges charged to customers

4

who used credit cards rather than cash. *Id.* at 1147-49. Rather than support Plaintiffs' assertion that Virginia's prohibition on the sale of two drinks for the price of one violates the First Amendment, *Expressions Hair Design* explicitly distinguishes between laws that govern speech, such as the New York state law governing surcharge descriptions, and a law that "by determining the amount charged–would indirectly dictate the content of that speech" used to inform consumers of the amount charged. *Id.* at 1150-51. In fact, the *Expressions Hair Design* Court expressly noted that a price regulating "law's effect on speech would be only incidental to its primary effect on conduct, and 'it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed.'" *Id.* at 1151 (quoting *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 62 (2006)).

Unlike *Expressions Hair Design*, Claim II of the Plaintiffs' Amended Complaint focuses on a regulatory prohibition against "selling two or more drinks for one price." 3 VAC 5-50-160(B)(4). This regulation does not serve to limit licensees' speech, but rather to prohibit the practice of giving customers more than one drink for the price of one. *Id.* Prohibiting licensees from selling customers multiple drinks for the price of one clearly restricts conduct, rather than speech, and as such does not represent an abridgement of Plaintiffs' freedom of speech.

**IV. Article III of the U.S. Constitution requires all parties to have standing.**

Article III of the U.S. Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controveries.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). To meet the constitutional requirement of a 'case' or 'controversy,' "the party invoking the jurisdiction of the court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing." *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir. 2009); *see also*

*Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)) ("The party invoking the jurisdiction of a federal tribunal bears the burden of establishing standing.").

Despite Plaintiffs' arguments to the contrary, one plaintiff's standing does not cure a co-plaintiff's lack of standing. Instead, each party invoking this Court's jurisdiction must be able to demonstrate standing, and Plaintiff Geoff Tracy has failed to meet that burden.[1] While a case can meet the case or controversy requirement so long as at least one plaintiff can demonstrate standing, that principle does not extend so far as to permit individuals without standing to pursue claims before a federal court so long as their co-plaintiff can demonstrate standing.

Furthermore, to the extent that Plaintiffs attempt to use their Opposition to the Defendants' Motion to Dismiss to supplement the Amended Complaint's allegations regarding Plaintiff Geoff Tracy's alleged injuries,[2] that is not permissible under the applicable standard for a motion to dismiss under Rule 12(b)(1). Instead, and as further described in Section V below, where a party moves to dismiss a complaint under Rule 12(b)(1) on the contention that a complaint fails to allege facts which establish subject matter jurisdiction, "all the facts alleged in

---

[1] While Plaintiffs cite *Forum for Acad. & Inst. Rights*, 547 U.S. at 53, n. 2 for the principle that where one party has standing, courts need not evaluate other plaintiffs' standing, this is an inaccurate description of the *Forum for Academic & Institutional Rights* ("FAIR") case's discussion of standing. Instead, the footnote Plaintiffs cite specifically noted that
> [t]he complaint named numerous other plaintiffs as well. The District Court concluded that each plaintiff had standing to bring this suit. The Court of Appeals for the Third Circuit agreed with the District Court that FAIR had associational standing to bring suit on behalf of its members. The Court of Appeals did not determine whether the other plaintiffs have standing because the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement. Because we also agree that FAIR has standing, we similarly limit our discussion to FAIR.

*Id.* (internal citations omitted).

[2] *See, e.g.*, Pls.' Opp. to Defs.' Mot., Dkt. No. 19, p. 8 ("Plaintiffs have alleged that Tracy is the owner of the restaurant. FAC ¶ 8. A fair inference is that Tracy is responsible for directing its operations, including crafting its specials and advertisements.").

the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Thus, under the Defendants' Motion to Dismiss Plaintiff Tracy under Rule 12(b)(1), the Court's consideration is limited to the facts alleged in the Amended Complaint, and Plaintiffs are not entitled to expand the Amended Complaint by introducing new factual allegations through their Opposition to Defendants' Motion to Dismiss. *See* Pls.' Opp. to Defs.' Mot., Dkt. No. 19, p. 7–9.

V. **Defendants' Motion to Dismiss does not reflect any admissions or concessions regarding the facts asserted by the Plaintiffs' First Amended Complaint.**

Plaintiffs' Opposition to Defendants' Motion to Dismiss is peppered with assertions that the Defendants "concede" various facts asserted in the Amended Complaint which are relevant to Plaintiffs' standing. *See, e.g.*, Pls.' Opp. to Defs.' Mot., Dkt. No. 19, p. 4 ("Defendants concede that Chef Geoff's-Tysons Corner has standing, they even concede that Geoff Tracy has suffered a financial injury."); *id.* at p. 5 ("This causes him financial injury, which Defendants do not dispute."); *id.* at p. 7, n. 3 ("Because Defendants concede that Tracy has suffered a financial harm, their standing arguments fail on that basis alone.").

It would appear that Plaintiffs conflate Defendants' compliance with the standards applicable to a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) with concessions. Defendants' Motion to Dismiss asserts that Plaintiff Tracy has failed to meet the threshold for standing. As Fourth Circuit precedent clearly establishes,

> [t]here are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction. First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing

determine if there are facts to support the jurisdictional allegations. *Adams*, 697 F.2d at 1219.

The Defendants' Motion to Dismiss Plaintiff Tracy under Rule 12(b)(1) falls into the first category of motion to dismiss described in *Adams v. Bain*, and as such, for purposes of the Motion to Dismiss Plaintiff Tracy for lack of standing, Defendants are required to, and do, assume as true all of the facts asserted in the complaint. However, Defendants' compliance with the relevant standards does not constitute concessions regarding the facts alleged in the Amended Complaint.

## **CONCLUSION**

WHEREFORE, Defendants the Virginia Alcoholic Beverage Control Authority, The Virginia Department of Alcoholic Beverage Control, Travis Hill, Jeffery Painter, Maria J. K. Everett, Beth Hungate-Noland, and Mark Rubin request that the Court dismiss Plaintiffs' Amended Complaint.

Respectfully Submitted,

THE VIRGINIA ALCOHOLIC BEVERAGE CONTROL AUTHORITY, THE VIRGINIA DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, TRAVIS HILL, JEFFREY PAINTER, MARIA J. K. EVERETT, BETH HUNGATE-NOLAND, and MARK RUBIN

By: \_\_\_/s/\_\_\_\_Anna T. Birkenheier_____
    Anna T. Birkenheier (VSB No. 86035)*
    Assistant Attorney General
    *Counsel for Defendants*
    Office of the Virginia Attorney General
    202 North 9th Street
    Richmond, Virginia 23219
    Telephone: (804) 692-0558
    Facsimile: (804) 692-1647
    abirkenheier@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Stephen A. Cobb
Deputy Attorney General

Heather Hays Lockerman
Senior Assistant Attorney General

Anna T. Birkenheier (VSB No. 86035)*
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0558
Facsimile: (804) 692-1647
abirkenheier@oag.state.va.us

*Counsel of Record*

# **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that on June 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy of the foregoing document via first class mail and electronic mail to the following:

Thomas A. Berry, Esq.
Anastasia P. Boden, Esq.
Pacific Legal Foundation
930 G Street
Sacramento, California, 95814
TBerry@pacificlegal.org
ABoden@pacificlegal.org
*Counsel for Plaintiffs*

                           /s/     Anna T. Birkenheier
                Anna T. Birkenheier (VSB No. 86035)*
                Assistant Attorney General
                *Counsel for Defendants*
                Office of the Virginia Attorney General
                202 North 9th Street
                Richmond, Virginia 23219
                Telephone: (804) 692-0558
                Facsimile: (804) 692-1647
                abirkenheier@oag.state.va.us