**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| CG4, LLC, d/b/a CHEF GEOFF's, and GEOFF TRACY,<br><br>  Plaintiffs,<br><br>v.<br><br>TRAVIS HILL, *et al.*,<br><br>  Defendants. | Civil Action No. 1:18-cv-360 (AJT/IDD) |

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(D)

The parties have filed cross-motions for summary judgment in accordance with this Court's briefing schedule. (Dkt. No. 94.) Although the parties are in the midst of summary judgment proceedings, Defendants Travis Hill, Jeffrey Painter, Maria J.K. Everett, Beth Hungate-Noland, and Mark Rubin (hereinafter, "ABC") have also sought relief from the Court because Plaintiffs have failed to comply with the Court's November 9 Order (*see* Dkt Nos. 74, 77) and their ongoing discovery obligations (as set forth in Dkt. Nos. 113, 114), raising serious concerns about Plaintiffs' overall discovery compliance and causing severe prejudice to ABC at this stage in the proceedings.

Because of this ongoing discovery dispute, ABC is left no choice but to file this motion pursuant to Federal Rule of Civil Procedure 56(d) in conjunction with its summary judgment briefing. ABC has continuously attempted to obtain Plaintiffs' sales and financial data in native format through the ordinary channels of discovery, which included filing a motion to compel that the Court granted (Dkt. Nos. 65, 66, 74, 77), by seeking leave from the Court to file third party

1

subpoenas to companies that Plaintiffs misidentified as the custodians of their data (Dkt. Nos. 80, 81, 87), and from Plaintiffs themselves. This is not a normal discovery delay. This is discovery misconduct that undermines the fairness of the judicial process. Because this discovery has been continuously sought and the Court ordered Plaintiffs to produce it,[1] as set forth in ABC's pending Motion for Relief Due to Plaintiffs' Failure to Comply with Court Order and Discovery Obligations, (*see* Dkt. Nos. 113, 114), the typical Rule 56(d) remedy, which defers summary judgment rulings to allow for further discovery, is not sought here. *See* Fed. R. Civ. P. 56(d) (3) (court may "issue any other appropriate order" when facts are unavailable to nonmovant).

As discussed in ABC's Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, ABC submitted undisputed facts to show that the challenged happy-hour advertising regulations are constitutional. But to the extent that this Court determines those facts are insufficient to meet ABC's burden under *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York*, 447 U.S. 557, 565 (1980), ABC has not received discovery necessary to satisfy its burden in this case. Thus, ABC is unable to fully present facts essential to its opposition to Plaintiffs' claims.

Accordingly, ABC asks the Court to deny Plaintiffs' Motion for Summary Judgment, conclude that an adverse inference may be drawn from the sales and financial data, or order any other appropriate relief in accordance with Rule 56(d)(3).

---

[1] ABC moved to place summary judgment in abeyance pending resolution of this discovery dispute and made several attempts to obtain the discovery sought here. (Dkt. Nos. 65, 66, 74, 77, 80, 81, 90, 91, 113, 114.) ABC has not been dilatory in this matter. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled").

**LEGAL STANDARD**

After a party has moved for summary judgment, Federal Rule of Civil Procedure 56(d) permits the Court to defer considering the motion or allow time for discovery when the nonmovant shows that he or she cannot present facts essential to justify the opposition to summary judgment:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The United States Court of Appeals for the Fourth Circuit instructs that "[i]n general, summary judgment should only be granted after adequate time for discovery." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (citation omitted) (internal quotation marks omitted). "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or a mask." *Id.* Therefore, Rule 56(d) permits a party who "lacks material facts necessary to combat a summary judgment motion" to "file an 'affidavit or declaration that, for specified reasons, [the party] cannot present facts essential to justify its opposition.'" *Id.* (quoting Fed. R. Civ. P. 56(d)). When ruling on a Rule 56(d) motion, the district court "may defer consideration of the summary judgment motion, deny the motion, or 'issue any other appropriate order.'" *Id.* (quoting Fed. R. Civ. P. 56(d)).

"A Rule 56(d) motion must be granted 'where the moving party has not had the opportunity to discover information that is essential to his [or her] opposition.'" *Id.* at 483–84 (citing *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Rule

56(d) motions are "broadly favored and should be liberally granted in order to protect nonmoving parties from premature summary judgment motions." *Id.* at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (internal quotation marks omitted)) (footnote omitted).

## ARGUMENT

Plaintiffs filed a Motion for Summary Judgment, in which they argue Virginia's happy-hour advertising regulations do not comport with the commercial speech doctrine set forth in *Central Hudson*, and therefore violate the First Amendment.[2] The commercial speech doctrine requires ABC to produce evidence justifying the regulations and restriction on speech. *Edenfield v. Fane*, 507 U.S. 761, 770 (1993) (party seeking to uphold a restriction on commercial speech carries burden of justifying it). The sought-after discovery (Plaintiffs' sales and financial data), which ABC has repeatedly requested and the Court ordered Plaintiffs to produce, is in the exclusive custody and control of Plaintiffs. (*See* Dkt. Nos. 65, 66, 74, 77, 113, 114.) ABC has continually asked for this information, produced in native format, which is essential to rebutting Plaintiffs' argument that ABC does not carry its burden regarding why the happy-hour advertising restrictions are necessary. (*See* Dkt. Nos. 113, 114.)

Plaintiffs, however, did not conduct a reasonable inquiry into their own data, relevant discovery that this Court compelled Plaintiffs to produce in November.[3] (Dkt. Nos. 74, 77, 114

---

[2] As explained in ABC's Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. Nos. 109, 122), the happy-hour regulation addressing two-for-deals does not burden speech.

[3] Plaintiffs produced more than 68,000 PDFs of data-driven sales and financial reports and asserted that this fulfilled their discovery obligations, despite ABC requesting the information in native format. (Dkt. No. 114 at 8.) By the time Plaintiffs had produced these files, the parties were only ten days away from the Court's summary judgment deadline. (Dkt. No. 79.) In order to analyze the data that Plaintiffs produced, ABC needed to manually recreate the data set by

at 8-12.)  Plaintiffs continue to argue that the data is not relevant and that, in any event, ABC did

not ask for it in native format, two arguments that this Court previously disagreed with during

the hearing on ABC's motion to compel.  (Dkt. Nos. 74, 77, 114 at 6.)  Plaintiffs also stated that

they had no way to access the data, even though ABC subsequently learned that the data is stored

locally on Plaintiffs' drives and accessible.  (Dkt. No. 113 at 3, 11.)  Plaintiffs further stated that

the data does not exist, despite the fact that ABC obtained information after serving third party

subpoenas that shows otherwise and the fact that Plaintiffs produced data-driven reports.  (Dkt.

No. 114 at 9-11.)

To support this motion, ABC has attached a declaration that describes in detail the

discovery that is needed to defend against Plaintiffs' claims and Motion for Summary Judgment.

*See Willis v. Town Of Marshall, N.C.*, 426 F.3d 251, 264 (4th Cir. 2005) (where Rule 56(f)

affidavit alerted district court to plaintiff's specific need for information, district court abused its

discretion by denying plaintiff's properly supported motion seeking additional discovery); *Pine*

*Ridge Coal Co. v. Local 8377*, 187 F.3d 415, 421 (4th Cir. 1999) ("Rule 56(f) . . . allows a party

to seek additional time to obtain evidence as long as he can present an affidavit putting forth the

reasons why he is unable to present the necessary opposing material." (internal quotation marks

omitted)).[4]  The attached declaration states with particularity the evidence that ABC seeks to

obtain, data from four restaurants, three of which Plaintiffs referenced in their amended

complaint.  (Dkt. No. 9 at ¶ 2.)

---

inputting all of the data contained in the more than 68,000 files.  This late-production was
unreasonable and essentially useless.

[4]  Rule 56(f) was recodified as Rule 56(d) on December 1, 2010, without significant substantive
change.

Furthermore, the discovery is relevant to the second, third, and fourth prongs of *Central Hudson*, as it will show consumer behavior, alcohol consumption rates, and revenue generated during happy hours. Throughout their Motion for Summary Judgment, Plaintiffs argue that there is "no evidence" that happy-hour price advertisements stimulate consumption, that competitive pricing is not dependent on raw prices, and that there is no evidence that reduced prices significantly increase alcohol consumption. (Dkt. No. 96 at 11-21.) But the declaration explains why ABC has not been able to present the necessary facts regarding happy-hour sales and describes how the data will provide "real world" evidence of consumer behavior during happy hours to rebut Plaintiffs' arguments. (*See also* Dkt. Nos. 113, 114) (motion for relief from Plaintiffs' noncompliance with discovery).)

Accordingly, pursuant to Federal Rule of Civil Procedure 56(d), and for the reasons stated in the attached Declaration of Tara Lynn R. Zurawski, ABC moves the Court to deny Plaintiff's Motion for Summary Judgment as a matter of law, draw an adverse inference from the sales and financial data that Plaintiffs did not produce in native format, or afford other appropriate relief in accordance with Rule 56(d)(3). ABC respectfully requests that this Court not further defer ruling on the cross-motions for summary judgment because Plaintiffs should have produced this discovery months ago. At this late stage in the proceedings, allowing Plaintiffs more time to collect data that is in their possession weighs against the purposes that discovery serves, as the Federal Rules of Civil Procedure create a right to relevant discovery to ensure the integrity and fairness of the judicial process.

Respectfully submitted,


_/s/ Madeline M. Gibson_


Tara Lynn R. Zurawski (VSB No. 73602)
Senior Assistant Attorney General
Ryan S. Hardy (VSB No. 78558)
Madeline M. Gibson (VSB No. 87561)
Megan Scanlon (VSB No. 88241)
Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:  (804) 692-0551
Facsimile:   (804) 692-2087
Email: tzurawski@oag.state.va.us
Email: mgibson@oag.state.va.us
Email: rhardy@oag.state.va.us
Email: mscanlon@oag.state.va.us

_Counsel for Defendants_


Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that on this 4th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a Notice of Electronic Filing (NEF) was sent to all counsel of record.

/s/ Madeline M. Gibson

Madeline M. Gibson (VSB No. 87561)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
Email: mgibson@oag.state.va.us

*Counsel for Defendants*